FILED
2023 Sep-11  AM 08:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>EASTERN DIVISION</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cr-418-RDP-NAD |
| | ) | |
| YASMINE MARIE ADEL HIDER | ) | |

### <u>BINDING PLEA AGREEMENT</u>

The Government and the defendant, **YASMINE MARIE ADEL HIDER**, hereby acknowledge the following plea agreement in this case:

### <u>PLEA</u>

The defendant agrees to (i) plead guilty to murder in the second degree, in violation of Title 18, United States Code, Section 1111, as charged in **COUNT ONE**; to kidnapping of Victim #2 not resulting in death, in violation of Title 18, United States Code, Section 1201, as charged in **COUNT TWO**; and to robbery, in violation of Title 18, United States Code, Section 2111, as charged in **COUNT THREE** of the Indictment filed in the above-numbered and -captioned matter; (ii), pay restitution of as determined by the Court; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement.  In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss **COUNT FOUR** at

Defendant's Initials _____

the time of sentencing and recommend the disposition specified below, subject to the conditions in section **VII**.

**TERMS OF THE AGREEMENT**

**I.     MAXIMUM PUNISHMENT**

The defendant understands that the maximum statutory punishment that may be imposed for murder in the second degree, in violation of Title 18, United States Code, Section 1111, as charged in **COUNT ONE**, is:

A.     Imprisonment for not more than life;

B.     A fine of not more than $250,000, or,

C.     Both A and B;

D.     Supervised release of not more than five years; and

E.     A special assessment of $100.

The defendant understands that the maximum statutory punishment that may be imposed for kidnapping of a victim not resulting in death, in violation of Title 18, United States Code, Section 1201, as charged in **COUNT TWO**, is:

A.     Imprisonment for not more than life;

B.     A fine of not more than $250,000, or,

C.     Both A and B;

D.     Supervised release of not more than five years; and

E.     A special assessment of $100.

Defendant's Initials _____

The defendant understands that the maximum statutory punishment that may be imposed for robbery, in violation of Title 18, United States Code, Section 2111, as charged in **COUNT THREE**, is:

    A.    Imprisonment for not more than fifteen years;

    B.    A fine of not more than $250,000, or,

    C.    Both A and B;

    D.    Supervised release of not more than three years; and

    E.    A special assessment of $100.

## II.    FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On August 14, 2022, agents with the Federal Bureau of Investigation (FBI) responded to a 911 call reporting a shooting at the 900 block of wooded area off US Forestry Service Road 600-3, Lineville, Alabama. Upon arrival, agents observed a white male victim, Victim #1, lying dead from one gunshot wound to the abdomen. The killer, Yasmine Marie Adel HIDER, a black female, was seated several feet away against a fallen pine tree with four gun-shot wounds, three to the abdomen and one to the upper right leg. Victim #1's girlfriend, a white female, Victim #2, had witnessed the crime and was being comforted by responding officers. Victim #2 pointed at HIDER and told the responding officers, "she shot him."

    Defendant's Initials _____

Agents obtained information that twenty-two-year-old Victim #1 and twenty-year-old Victim #2 were students from Florida on a hiking trip.

Victim #1 was pronounced dead on the scene.

HIDER stated to the responding officers that she and her family lived in the woods, and she was asking for a ride to get food. HIDER asked the officers, "I'm going to do time, right? I just want to know how much time?" This was recorded by the agent's body cam. HIDER was carried to UAB Hospital by paramedics for treatment and survived. HIDER told paramedics that she shot first.

Victim #2 was carried to the Ashland Police Department in Alabama and provided a statement about what happened. Victim #2 stated that she and her boyfriend, Victim #1, were on a hiking trip, traveling and sleeping in Victim #1's 2010 white Chevrolet Uplander van. They were travelling in their van on U.S. Forestry Service Road 600-3, looking for waterfalls in Cheaha State Park, when HIDER flagged the couple down and said she needed help with her broken down vehicle, a blue XB Scion, which was located about an eighth of a mile away. Victim #1 and Victim #2 followed HIDER down a dirt road to the Scion.

Before getting out of the van, Victim #1 took his pistol and placed it in his waistband in case they were being robbed. Victim #2 and Victim #1 exited the van to help HIDER with her vehicle but were unable to get it working. Victim #1 tried using his jumper-cables, but the Scion would not start. Victim #2 called her father, who was a mechanic, for some advice. Victim #2's father sent some YouTube videos, and Victim #2 searched for others on her phone that might be helpful. Still, Victim #1 and Victim #2 could not get the Scion to start. Meanwhile, HIDER while sitting in the driver's seat of the Scion, pulled a gun. She got out and pointed the gun at Victim #2 and Victim #1, ordering them to empty their pockets and to walk further into the woods. Victim #2 possessed only the keys to the van and her

Defendant's Initials ___

cell phone, which she threw on the ground as commanded. Victim #1 didn't have anything on his person, except the gun, which was concealed in his waistband, and told HIDER, "everything we have is in the van, and you can have it."

HIDER took Victim #2's cell phone and recorded herself (HIDER) asking for Victim #1 and Victim #2's banking information, phone passwords, credit card numbers, and their personal identification numbers. Much of this recording was retrieved and preserved. At one point, HIDER looked away and lowered her guard, Victim #1 pulled his pistol from his waistband and ordered HIDER to drop her weapon. HIDER said, "Are you serious?" She cocked her gun and started firing, and Victim #1 returned fire simultaneously while falling to the ground. While on the ground, Victim #1 said, "You shot me," and fired one last time at HIDER. After the shooting stopped, HIDER said, "Why did you shoot?  It wasn't supposed to be like this."

HIDER started calling out to her friend, later identified as Krystal Diane PINKINS, for help.  Victim #2 saw PINKINS nearby in the woods, close to where the shooting took place. PINKINS asked HIDER, "What do you want me to do?" Then PINKINS ran off into the woods.

Victim #2 retrieved her phone and called 911. While Victim #2 was on the phone with 911, Victim #1 began losing consciousness. The emergency operator advised Victim #2 to apply pressure with a cloth and begin chest compressions if Victim #1 stopped breathing. A distraught Victim #2 removed her shirt to use as the cloth and started chest compressions when Victim #1 stopped breathing.

Paramedics arrived and took over life-saving efforts, but Victim #1 was soon pronounced dead at the scene.

Jacksonville State University's Center for Applied Forensics responded and processed the scene. All evidence was collected, including the firearms involved,

shell casings, phones, contents of Victim #1 and Victim #2's van, and clothing. Final crime scene investigation report is pending. The vehicle HIDER was in, an XB Scion, blue in color, was registered to PINKINS. The Scion was towed to the Clay County Sheriff's Office (CCSO) impound lot and was secured as evidence. The gun used by Hider was a SCCY 9mm pistol, bearing serial number C034806. The gun used by Victim #1 was a Sig Sauer P365XL 9mm pistol.

Alabama Department of Forensic Sciences (ADFS) performed an autopsy and released a preliminary report finding that the manner of death was homicide, and the cause of death was a gunshot wound. Final autopsy report is pending.

On August 14, 2022, CCSO Investigators interviewed PINKINS, who was advised of her *Miranda* rights. After waiving her *Miranda* rights, PINKINS stated the pistol that HIDER used was hers. PINKINS had given it to HIDER two-to-three days prior to the shooting. At the time PINKINS gave HIDER the gun, the two discussed using the firearm to carjack someone to go get food. PINKINS also stated that she and HIDER flagged down an older woman the day before the murder, asking the woman to drive to the Scion's location, but the woman did not feel comfortable in doing so and left. PINKINS stated the Scion had been broken down for several weeks when the shooting took place.

On August 19, 2022, at UAB Hospital, agents interviewed HIDER, who was advised of her *Miranda* rights. After HIDER waived her rights, she stated she was waiting on the side of the road to get someone to stop so they could take a car to go get food. HIDER also stated PINKINS was with her when she got shot. HIDER asked agents, "Did he die?" and stated, "I didn't want to hurt anybody." Additionally, HIDER stated, "I took his whole life away; now he can't tell his story."

The scene of the kidnapping, robbery, and shooting location is located in the

Defendant's Initials

Talladega National Forest, on land acquired for the use of the United States and under its concurrent jurisdiction, within the Northern District of Alabama, Eastern Division.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_____
**YASMINE MARIE ADEL HIDER**

## III.      STIPULATED SENTENCE

Pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P., the Parties stipulate that the following terms are the appropriate disposition in this case:

A.     That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term of 420 months;

B.     That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release and any special condition(s) ordered by the Court;

C.     That the defendant be required to pay restitution to all the victims of the defendant's crimes.

D.     That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

E.     That the defendant be required to comply with the forfeiture provisions set forth in section XII of this agreement; and

F.     That the defendant pay a special assessment of $300, said amount due and owing as of the date sentence is pronounced.

G.     This agreement does not affect the Court's discretion to set any lawful conditions of supervised release not otherwise stipulated to in this agreement. In the event the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the defendant so elect, the defendant will be afforded the opportunity to withdraw her guilty plea, pursuant to the provisions of Fed. R. Crim. P 11(d)(2)(A).

## IV.     WAIVERS

### A.     STATUTE OF LIMITATIONS WAIVER

**In consideration of the recommended disposition of this case, I, YASMINE MARIE ADEL HIDER, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.**

### B.     RIGHT TO APPEAL AND POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, I, YASMINE MARIE ADEL HIDER, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive**

Defendant's Initials

and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1.  Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2.  Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3.  Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction.   The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

Defendant's Initials _____

**I, YASMINE MARIE ADEL HIDER, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

**YASMINE MARIE ADEL HIDER**

## V.    UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature.  Sentencing is in the Court's discretion and is not required to be within the guideline range.  The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.    AGREEMENT BINDING ON THE COURT

Pursuant to Rule 11(c)(1)(C), *Fed.R.Crim.P.*, the stipulated sentence set forth in Section III **BINDS THE COURT ONCE THE COURT ACCEPTS THE PLEA AGREEMENT**.  The defendant may withdraw the plea of guilty, pursuant to Rule 11(d)(2), *Fed. R. Crim. P.*, if the Court rejects the plea agreement under Rule 11(c)(5).

Defendant's Initials _____

However, as to any other terms and/or conditions of the sentence (apart from the term of imprisonment), the Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommendation(s) by the Parties are **NOT BINDING ON THE COURT**. Further, the defendant understands that if the Court does not accept the Parties' recommendations as to any terms and/or conditions other than the term of imprisonment, the defendant does not have the right to withdraw the guilty plea.

## VII.        VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

Defendant's Initials

**VIII.     OTHER DISTRICTS AND JURISDICTIONS**

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

**IX.     COLLECTION OF FINANCIAL OBLIGATION**

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

Defendant's Initials ____

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful.  Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts.  The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines.  The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct.  Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

Defendant's Initials _____

XI.     **TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS**

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

XII.    **FORFEITURE**

The defendant agrees to consent to the entry of a final forfeiture judgment against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all firearms and ammunition involved in or used in the commission of the offenses in **COUNT ONE, COUNT TWO,** and **COUNT THREE** of the Indictment, including: SCCY 9mm pistol, bearing serial number C034806 and any accompanying magazines and ammunition. For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said firearm and the criminal offenses to which the defendant is pleading guilty.

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in

Defendant's Initials

the judgment. The defendant also waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this plea agreement. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

### Non-Abatement of Criminal Forfeiture

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The

Defendant's Initials

forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

## XIII.   IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any

Defendant's Initials _____

immigration consequences that plea may entail, even if the consequence is automatic

removal from the United States.

## XIV.  DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of

19 pages.  I have discussed the case and my constitutional and other rights with my

lawyer.  I am satisfied with my lawyer's representation in this case.  I understand

that by pleading guilty, I will be waiving and giving up my right to continue to plead

not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront,

cross-examine, or compel the attendance of witnesses, to present evidence on my

behalf, to maintain my privilege against self-incrimination, and to the presumption

of innocence.  I agree to enter my plea as indicated above on the terms and conditions

set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the

past 48 hours except as stated here:

blood pressure medication
_____

I understand that this plea agreement will take effect and will be binding as to

the Parties **only** after all necessary signatures have been affixed hereto.

Defendant's Initials _____

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

8\9\23
DATE

YASMINE MARIE ADEL HIDER
Defendant

## XV.    COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.  My client has conveyed to me that my client understands this plea agreement and consents to all its terms.  I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.  I concur in the entry of the plea agreement on the terms and conditions set forth herein.

8\9\23
DATE

Robin P. Robertson
Defendant's Counsel

Defendant's Initials

## XVI.    GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea

and disposition set forth herein are appropriate and are in the interests of justice.


PRIM F. ESCALONA
United States Attorney


8/17/23
DATE

Jonathan S. Cross
Assistant United States Attorney

Defendant's Initials _____

*(Revised June 2022)*